Aaron NETT, by and through his mother and next best friend, Robin NETT, and Robin Nett and James Nett, Individually, Plaintiffs, Appellants,

v.

Mitchell J. BELLUCCI, M.D.; Peter D. Gross, M.D., Defendants, Appellees.

No. 00–1357.

United States Court of Appeals, First Circuit.

Entered: Oct. 12, 2001.

Before LYNCH, Circuit Judge, BOWNES,* Senior Circuit Judge, and LIPEZ, Circuit Judge.

* Judge Bownes heard oral argument in this matter, and participated in the semble, but he did not participate in the drafting or the issu-

ORDER FOR CERTIFICATION OF QUESTIONS TO THE SUPREME JUDICIAL COURT OF MASSACHUSETTS

For the reasons stated in our opinion in this case, submitted with this order, we certify the following two questions to the Supreme Judicial Court of Massachusetts:

(1) Is the operative date for commencement of an action for purposes of the Massachusetts statutes of repose the date of filing of a motion and supporting memorandum for leave to amend a complaint to add a party (assuming timely service), or is the operative date the date the amended complaint is filed after leave of court is granted, when leave of court is required by the Rules of Civil Procedure to file an amended complaint?

(2) If the answer to Question No. 1 is that the operative date is the date of filing of the motion for leave to amend, do the policies underlying the statutes of repose require that such filings be in compliance with the local rules of court applicable to the filing of such motions, or do those policies permit the court in its discretion to excuse non-compliance with the local rules?

This court certifies that these questions may be determinative of a cause of action in this case and that it appears there is no controlling precedent in the decisions of the Supreme Judicial Court. We would also welcome any additional observations about relevant Massachusetts law the SJC may wish to offer. The clerk of this court is to forward, under the official seal of this court, seven copies of the certified questions and our opinion in this case, along with the briefs and appendix filed by the parties, to the Supreme Judicial Court of Massachusetts. We shall await its reply

ance of the panel's opinion. The remaining two panelists therefore issue this order for certification pursuant to 28 U.S.C. § 46(d).

with interest and appreciation. In the interim, we retain appellate jurisdiction. We note that the parties have not briefed to this court the two questions certified, and we recommend that the Supreme Judicial Court receive additional briefing.